is 5-17-0322 Curtis Smith v. Deborah Pontious. Good morning, Your Honors. May it please the Court, David Antonioli representing the defendant in the 308 appeal is whether a private figure plaintiff can establish liability for defamation without producing any evidence that the alleged defamatory statement was false, without producing any evidence that the defendant, Deborah in this case, was at fault for failing to ascertain the veracity of the statement, and finally, whether the defendant, or the plaintiff rather, can rely on the doctrine of presumed damages and obtain summary judgment on the issue of liability without producing any showing of actual harm caused by the statement. The trial court answered that question in the affirmative, and in so doing, the trial court relied on a variety of common law rules relating to defamation cases that have been discredited by the Supreme Court of the United States in a series of First Amendment cases that began in 1964 with the Supreme Court's landmark decision in New York Times v. Sullivan. Before I address these United States Supreme Court cases, I'd like to just review the common law rules that Judge Matossian relied on in this case in order to grant summary judgment. The first of those rules is strict liability. Under the common law, a defamation plaintiff didn't need to prove that the defendant was at fault in terms of knowing or failing to discover the truth of the alleged defamatory statement. It was a strict liability tort. Secondly, under the common law, although truth was a defense, the burden of proving that the statement was false, or was true rather, was on the defendant. In other words, the plaintiff did not even have to show that the alleged defamatory statement was false. And finally, under the common law, in cases of libel per se, damages were presumed. The plaintiff need not show any damages, put on any evidence of damages, in order to establish liability and recover. I thought this was defamation, not libel per se. Justice Case, I believe that libel per se is within the rubric of defamation. When I use defamation, I'm just talking about injurious falsehood law. But that's not really it. Per se means that there's no proof necessary. But defamation as pled here, okay, was not pled as defamation per se, was it? It was pled as defamation per se. It was pled as defamation per se. The definition of defamation per se is, are the words such, whether they're true or false, are the words such that they would impute commission of a crime, having some sort of a disease, an immoral disease, or some sort of inability or want of integrity in the performance of one's duties of employment or office. So if the defamatory statement falls into one of those categories, then as long as the plaintiff can prove that it's false, as long as the plaintiff can prove that the defendant knew or should have known it was false, then you can presume damages. But I would argue under the Hess case, which I'll discuss, or the Girtz case, which I'll discuss in a moment, that even under those situations, even under a classic per se defamation case, the plaintiff cannot rely on the doctrine of presumed damages without showing actual malice. So let me discuss these landmark Supreme Court cases, Your Honors, for a moment. And the first one I mentioned was New York Times v. Sullivan, 1964 case. This was the first time that the United States Supreme Court said the First Amendment protects alleged defamatory speech, including defamation per se. And in that case, the Supreme Court said in order to protect First Amendment free speech rights, if the plaintiff is a public figure, the plaintiff must show actual malice in order to recover in a liable per se case. Actual malice meaning that the defendant either knew the alleged defamatory statement was false or acted with reckless disregard as to whether or not the statement was true or false. So that started a trend in cases where the court was looking to the First Amendment for guidance in defamation cases. And the next of these series of cases is the Girtz v. Robert Welch case, which was decided by the United States Supreme Court in 1974. The Girtz case, unlike the New York Times v. Sullivan case, involved a purely private figure plaintiff. It wasn't a public official or a public figure. But nonetheless, the court said First Amendment protection still applies and abolished the common law doctrine of strict liability in defamation cases. In order to protect the First Amendment right of free speech, the court held that at a minimum, the plaintiff must show, even if it's a private figure plaintiff, the plaintiff must show that the defendant was at fault in failing to ascertain the truth or falsity of the statement. Do you think this law is new or novel that you're arguing? No. The New York Times case is a 1964 case. The Girtz case is a 1974 case. I agree with you. So why are we here on a Rule 308? I mean, why wasn't there – I mean, the court ruled, right, and then all of a sudden somebody asked for a 308 in order to get here on appeal. Why are we here on a 308 on a question of law that even you concede is well established? The law is well established in cases involving public figures and media defendants. This case differs from the precedent to a certain extent anyway, Justice Gates, in that it involves both a private figure plaintiff and a private figure defendant. But I agree with you. This First Amendment law is pretty clear, and the question, the 308 question presented is how that law applies in the context of summary judgment. But if – this wasn't a full summary judgment. This was a partial summary judgment. Partial summary judgment, unissued liability. Right. So if we reverse, what we're really doing is are we moving the case along or are we just telling the trial judge – No, you're moving the case along because if the case remains in its present posture, it will go to trial solely on the issue of damages, even though the plaintiff cannot establish liability. Then we're up here in the appellate court appealing from a verdict in favor of the plaintiff on damages because there's no other issue in the case, and the court will have to reverse because the underlying facts relating to liability can have not and cannot be established in this case. So we are advancing the ball if the court decides this 308 question because if the court answers it the same way Judge Batozian did, then we'll go back and we'll have a trial on damages and we'll be over. There won't be any appeal because the court will have already decided these key First Amendment questions. On the other hand, if the court answers the 308 question in the negative as we request, then it will go back and we'll actually explore whether or not the plaintiff can establish liability in this case. And since the plaintiff is going to have a very difficult time proving that the statement was false, and since the plaintiff is going to have a very difficult time proving that Deborah acted negligently in ascertaining the true facts, the plaintiff is not going to recover in this case. In fact, I would say that if the court answers the 308 question, either way it's going to be the death knell of this case because one way or the other, under the posture of this case, the plaintiff is either going to have a recovery without proving what I believe are the necessary facts for liability or the defendant, Deborah, is going to prevail in the case because the plaintiff cannot prove those underlying facts. Well, my concern in the question is that it says, whether a non-public figure plaintiff can establish liability for defamation without presenting any evidence. And then it goes on. And yet there was an affidavit submitted. There was not an affidavit submitted, Your Honor. The only affidavit that was submitted was Deborah's counteraffidavit. Well, Deborah responded to plaintiff's motion for summary judgment with an affidavit confirming the truth of the statements in her e-mail and the factual basis of her statement. You don't think that's evidence? That's evidence that supported the defendant's position. The point is that the plaintiff didn't produce any evidence. The plaintiff didn't even produce saying, this is false. The plaintiff presented absolutely no evidence in support of his motion for summary judgment except for the fact that Deborah made the statement. He relied exclusively on that to establish liability for defamation. That's the point of the 308 question, Your Honors. Can a plaintiff establish liability in a defamation case without proving that the alleged defamatory statement is false or without presenting any evidence of its falsity? He presented none in this case. The second aspect of the 308 question is whether the defendant, or plaintiff rather, can prevail in a defamation case without proving any fault on the part of the defendant. And again, the plaintiff presented no evidence of fault in support of his motion for summary judgment. And finally, whether the defendant, or plaintiff rather, can rely on the doctrine of presumed damages without showing actual malice. And as I was about to mention, the Gertz versus Robert Welch case holds in spades that the First Amendment precludes reliance on the doctrine of presumed damages unless the plaintiff can show actual malice. Actual malice meaning the defendant knew the statement was false or the defendant didn't even care whether it was true or false. Why did, in your opinion, why did Justice or Judge McCloskey grant this partial summary judgment because I'm certain that you pointed all these things out to him during and then in your motion as well? Although the court did not give any written reasons for the decision, and indeed I was not an attorney of record at the time, when I filed the motion to reconsider, it became clear to me that Judge Matossian was relying on these three common law rules. The common law rule of strict liability in defamation cases, the common law rule regarding the burden of proof on the defendant in defamation cases, and the common law rule relating to presumed damages if the statement is a per se defamation. So Judge Matossian is looking at the common law. He's not looking at the Supreme Court cases. And I think that the reason, and again I'm speculating a little, but I'm going to put this in the light most favorable to Judge Matossian, is not all of these cases involve both a private figure plaintiff and a private figure defendant. But we know from both the Gerst case, which involved a private figure plaintiff, and the Hess case, Hess v. Philadelphia, which is also cited in our brief, also a private figure plaintiff, that these rules apply equally to both public and private figure plaintiffs. The only distinction is if it is a public figure. The public figure plaintiff has a heightened showing of culpability, actual malice. Private figure plaintiff, it's ordinary negligence. And then the other side of the coin, the status of the defendant being a non-media person. Deborah is not the press. She is just a private person. The cases make it clear, the First Amendment cases make it clear, that if a statement is a matter that touches upon public interest, non-media defendants have the same protection as media defendants. And I would cite in support of that the Hess case, which is also, Hess v. Philadelphia newspapers, which is also cited in our brief. In fact, in a subsequent case, a subsequent Supreme Court of the United States case, the Supreme Court, speaking through Justice White, made the following statement regarding media v. non-media defendants. And I'll quote. The First Amendment gives no more protection to the press in defamation suits than it does to others exercising their freedom of speech. None of our cases affords such a distinction. To the contrary, the court is rejected at every turn. End quote. Justice White is speaking not only for himself in that opinion, the Dunn v. Bradstreet case, but also for five other justices. And more recently, the Supreme Court of the United States reaffirmed that position. Media and non-media people have the same free speech rights in the Citizens United case, where the court says, well, I'm going to create a special set of rules for media as opposed to private parties. We all have First Amendment free speech rights. And the Illinois Supreme Court has adopted basically the same position. In the case of Imperial Apparel Limited v. Cosmo Designer Directing, cited at page 18 of our brief, we've got the same situation we have here. Well, not quite the same, and I'll tell you the difference in a moment. But we have a private party plaintiff and a private party non-media defendant. The court said, we're going to presume that the First Amendment safeguards enunciated in the New York Times v. Sullivan and Girtz case apply equally to private party and media defendants. The reason being that we're not going to have inconsistent results. There's not going to be any uncertainty as to whether a statement is actionable or not actionable, depending on the status of the defendant. And it also promotes the inherent values behind the First Amendment of free speech. I noticed, though, that the Imperial Apparel v. Cosmo was, that is the nadir of First Amendment protection, because not only did you have a non-media defendant, not only did you have a private figure plaintiff, but it was also a purely private matter. In fact, in the case at Barr, we're talking about a statement in which Deborah advised the supervisor of a professor at a public university that he was committing a crime on campus. He was carrying firearms illegally on the campus of a university, a public university. That's clearly a matter of public concern. And in all the cases, irrespective of whether it's media defendant, non-media defendant, irrespective of whether it's private figure plaintiff, public figure plaintiff, if the defamatory statement relates to a matter that touches upon the public interest, then the First Amendment safeguards apply. So in sum, Your Honor, Judge Patosian relied on these common law rules that have no more application. They've been abolished and abrogated by the Supreme Court's First Amendment jurisprudence. In relying on these cases, he inevitably granted this partial summary judgment on the issue of liability. It was wrong because the plaintiff has the burden of proving falsity. The plaintiff has the burden of showing at least some degree of fault on the part of the defendant. And the plaintiff has the burden of showing actual harm in order to establish liability. So in conclusion, we ask that... How does the defendant... Who has the burden of showing actual harm? The plaintiff? The plaintiff should have the burden of... Unless it's defamation per se. Pardon? Unless it's defamation per se. Even if it's defamation per se. Then you can sort of presume damages. You have to just... You can presume the amount of damages. May I answer the question? Yes. If you can show actual malice, in other words, if you can show that the plaintiff, the defendant made the statement knowing it was false or with reckless disregard as to whether it was true or false, then you can invoke the doctrine of presumed damages and you don't have to put on any evidence of damages. If it's a liability per se matter. But if you cannot show actual malice, Your Honor, then you are obliged to present evidence and proof of damages. You cannot rely on presumptions. And you're... One more question, if I might. You're using... You keep using liable per se and defamation interchangeably. But I don't think that's true. Defamation in general and liable per se are different. Your Honor, I'm sorry if I've used the terms in a confusing way. But let me clarify, and it will be very quick. Defamation includes any injurious falsehood. If it's written, it's liable. If it's oral, it's slander. Irrespective of whether it's slander or liable, it can be per se. Correct. If I sit here... And there are different burdens depending on what is planned. A slander per se and a liable per se are the same. I understand. But if it's slander or if it's liable, it's not necessarily per se. Correct. It depends on how they're pled. Correct. And I say... And I ask you in this case, how is it pled? It's pled as liable per... It's pled as liable per se. Okay. Defamation per se. Thank you. Thank you, Your Honors. Thank you very much. Thank you for your time and rebuttal. Counsel. Josh Evans for the plaintiff. Appellee Curtis Smith. May it please the Court. This appeal on the certified question, which is what we're here today to discuss, should be denied because, as Justice pointed out, in per se defamation cases, which this is the case we're on, damages are presumed. And in this case, Judge Matossian found there was no genuine issue of material fact. We have a defendant who admitted to writing statements which are slanderous per se as pled. They allege Mr. Smith committed a crime and he was searched at his school by police officers. They allege, as I go through the categories of defamation per se, first one, commission of a crime. He's bringing a gun on the school campus, which is illegal. She did not allege he had some sort of venereal disease, but she did allege an inability to perform his duties for lack of integrity, a statement that prejudices him and his business, his profession, the college, and statements imputing essentially fornication with other people. So that's the defamation per se. What we're here on the certified question, though, the three elements that they ask this court is the statement being false, which is true. You have to have a false statement for defamation, I imagine, in any case. The culpability, and they bring up the point of malice, but you can see from the statements that she pled in the court there's malice. The very e-mail and her responses indicate malice towards the plaintiff. I'm going to interrupt here because the problem I'm having is that you've already appeared in front of Judge Matossian and you've argued the issue of defamation per se. You've argued, made all the arguments, and he's entered summary judgment. But that's not what we're here on. We're now being asked to answer the question that Judge Matossian has already answered is what I think I'm hearing. And I brought the order that was filed by Judge Matossian. The order, and just in response to your question, entered on July 21st, 2017. It says, defendant's motion to certify the question for interlocutory appeal has heard arguments and granted on the following. And then it asks the question. I take the ruling on summary judgment. What Judge Matossian did was there was no genuine issue of material fact because, as Justice pointed out, she admitted to making the statement. She filed pleadings within the court, and those pleadings that she's filing show the malice she has for the plaintiff in making the statement. And Judge Matossian looked at that with the deposition and the responses to the discovery that was argued before Judge Matossian. And, by the way, I was not the counsel of record at that time, just to be clear. So I'm speculating somewhat, too. And when a party has already made a statement to the court, written or otherwise, the court is not bound to accept an affidavit countering that previous position or that assertion to save that party from summary judgment. And here it would appear that Judge Matossian took those previous positions and said, wait a second, you can't fix this with an affidavit now countering that you may or may not have sent this or you didn't have some sort of injurious intent in sending these allegations to the employer, the boss of Mr. Smith. And I'm delving a little bit too much into the factual allegations, and I'm going to shift back to the actual certified question. I think you need to do that, but maybe I'm the only one of us that is distraught by this. But if there were these counter affidavits and this was a motion for summary judgment, which is how I read this thing, then there may have been a genuine issue of fact. But that's not what's before us. So if we answer this question, no, that you don't have, whatever it is, I don't have it in front of me. But if we answer this question, no, then essentially they're going to go back and move to set aside Judge Matossian's ruling. That would be the net effect, isn't it? What they're asking for is basically to blend a certified question with what Judge Matossian ordered. Right. That's my point. Correct. So we have a ruling, and now we have a 308. And if we answer no, they're going to take that ruling, and they're going to file it in front of Judge Matossian and say you were wrong. So it's the circuitous way to get an appeal of the summary judgment in a case that's only partially been heard. And I should point out that, as you just did, it's not a final appealable order. Right, but that's not the rule of 308 either, right? I understand that, yes. So argue with me as to why I'm wrong. I don't think you're wrong. I don't think that we should be here on a certified question. I think this course, the course that should have been taken was a trial on damages. And then if there was an order entered, that's a final and appealable order. Did I answer your question? Maybe. Go ahead. With regard to the certified question that's presented, the last part of it, the presumed damages, I would just cite Green v. Rogers. And I want to talk about Gertz in a second, but Green v. Rogers, the Illinois Supreme Court said, which Justice pointed out, when you allege a per se defamation and you show the statement's false and the injurious intent, you're relieved, quote, plaintiff, a per se claim relieves the plaintiff of proving actual damages. That allows plaintiff to get to the trier of fact and get that number assigned. Could the trier of fact assign a zero? I suppose. But that allows plaintiff to show the case has been proven and now it's the damages amount. I think the defendants have flipped it and said, well, no, you have to get a number. You have to show a number, but not a per se defamation. That's what an Illinois case law holds. And that's why the certified question must fail. And I think part of it also is the conflation of what the Supreme Court said in Gertz. And what the Supreme Court said in Gertz was basically that you have to have an element of falsehood in the intent. And then the back half of it says if you have that, you can have presumed damages. It's fine for the states to have that. And that's exactly how Illinois set up its defamation case. So our common law allows defamations per se. And those damages should be presumed if you put on that the statement was false and that it was the injurious intent. The defendant here was making statements before the court at summary judgment. Again, I don't have the trial transcript, but the court's order said there were arguments heard. The defendant was representing herself. The defense position is the court had to have misunderstood the law to rule in the plaintiff's favor. But it's equally as plausible that the court said, wait a second, there's no genuine issue of material fact here because you've admitted to the statement. The exhibits attached to the plaintiff on their face show an injurious intent. And if those don't show some sort of malice, the affidavit that you filed countering the summary judgment motion can certainly show malice towards the plaintiff in making the statements and what the intent was. And so the court can look at those statements, those admissions by the defendant, and find there is no issue here. You made this statement. The statement wasn't true. Let me back up. During the discovery phase, the defendant's allegations were he's using his position in the university to pick up women and do dating sites, and he's bringing a gun on school. And then what facts do you have to support that? Crickets. I just know that. Well, the court can disregard that self-serving statement if she's made statements countering that at summary judgment. And that's what the defendant tried to do in this case, was save summary judgment by submitting a self-serving affidavit. And based on the entire record that I reviewed, it's the plaintiff's position. The court just said, no, there's no genuine issue of material fact. There's a self-serving affidavit here, and it made its decision. Regarding the certified question, it must fail. As Justice pointed out, per se damages or per se defamation in Illinois presumes damages. Statement, false, injurious, damages. Duty, breach, causation of damages, as we were just discussing. And because of that, the answer must be no. The judgment tells you in his order. And you've read it for me, and I'd like to understand it one more time. Does he rule on summary judgment and then say that he believes there's a material question of fact? No. I mean, sorry, of law. But there's a question of law that would material advance the ultimate termination of litigation. No, Your Honor. Does he say that? I'll read the order to the court. But it just basically calls plaintiff's motion for summary judgment. The plaintiff appears by counsel. Respondent, defendant appears pro se. The arguments were heard. The court orders as followed. The motion for partial summary judgment is granted, and the matter is to be reset. The court doesn't discuss. And was that on a different day than the Rule 308? Yes, Your Honor. That motion for summary judgment was granted August 12, 2016. The order contemplating the certified appeal, which we're here on today, was granted almost a year later, July 21, 2017. And by then, lawyers got involved, and somebody filed a Rule 308. And just a practical matter, you have a defendant who's representing herself, making statements before the court, which the court can consider in the summary judgment stage. I imagine there's some type of arguments going on back and forth, but the court can't just ignore those statements and those other pleadings, such as the original answer and the admitted answer and any sort of subsequent affidavit filed by the defendant, and say, well, I'm just going to only rely on your affidavit. That's improper. For the court to just completely ignore those other statements made by the defendant in this case. But, again, that is not as relevant. When you say that we have to answer the damages part of the Rule 308 no, are you saying that because there are separate parts to this question that they're capable of different answers? What I'm suggesting to the court is the certified question as proposed by the defendant is conjunctive in nature. If A plus B plus C equals D, then yes. But here, C is not correct, because in Illinois, per se defamation, it's the highest standard of pleading, but it also relieves you of your responsibility to show damages. They're presumed.  And I think Defendant's Counsel highlighted the conflation of slander at the U.S. level and slander in Illinois, specifically with per se. And they're overlooking the fact that per se defamation in the State of Illinois does not require evidence of damages. Those are presumed to get you to the trier fact. Now, at the end of the day, you have to show some number attached to it, but that's reserved for what Judge Matosian found, which is let's find out what the value of this liability is. So I thank the court for its time today. Bar no questions. Thank you. Counselor? More nomenclature. Malice. My friend. Let me interrupt you, Mr. Antimonelli, if I could. What do you say about his conjunctive nature of the 308 question? That depends on the piece and the answer to that. I think he's wrong for two reasons. The first one is grammatical. The 308 question says, and I'll paraphrase it, is, is any one or more of these elements, any one or more of these facts an element of the plaintiff's cause of action? And if any one or more of them has not been shown, then he doesn't qualify for summary judgment. There's no confusion with this question at all. It asks, what are the elements of libel in Illinois? It uses the word defamation, which is why I kept asking you about per se versus non per se, because I think the way the certified question is phrased, we're not talking about per se. It doesn't use the words per se, which is a very special, I think you would agree, very special issue when you're talking about slander or libel. No, it is a judge. You don't agree that there are different judgments. It's special in one respect. Okay. It allows the plaintiff to rely on the doctrine of presumed damages. Exactly. And the Girtz case says that the First Amendment to the United States Constitution, it says you cannot use presumed damages unless the plaintiff proves actual malice. Actual malice does not mean that the plaintiff doesn't like the defendant or has evil or ill will towards the plaintiff. Actual malice is a term of art. Is the statement, was the statement knowingly false? Was Girtz a libel or slander case? Girtz was a libel per se case. Right. And it's right on the money here, Judge. And I'll quote what the Supreme Court said. The Constitution does not say libel per se. It says defamation. And these are all elements of both libel per se and defamation because libel per se is simply a subset of defamation law. So when I, when you go to trial and you go, excuse me, I get to speak. I'm sorry. So when you go to trial on a defamation case, or let's use libel, you don't believe you would plead two counts, libel and libel per se. Because they're the same. No, it can't be both. It has to be one or the other. Correct. And I would, if it fits within these three categories of per se, criminal act, want of integrity, or dishonesty in one's profession, or a lonesome disease, it's per se. And if it's not in one of those things, it's per quote. But the plaintiff, nonetheless, they're both defamation, and the plaintiff, nonetheless, in each one of those cases, whether you call it per quote, per se, the plaintiff has to show that the statement that the defendant made was false. So under which circumstances do you presume damage? Under a libel, under a per se, if the plaintiff has shown actual malice. That is a constitutional requirement laid down in the Gers case. Was it pled in this case, actual malice? No. So it's per quote. No. Per se, Justice Gates, is when we look at the statement, the text of the statement, does it accuse the plaintiff of a crime? Does it accuse him of having a lonesome disease? I understand that. Yes. And that qualifies for this. So if that's the plaintiff, if the statement qualifies as per se, that would be one element of the plaintiff's case. Then the plaintiff has to go on to prove that the statement was false and that the defendant knew or knew it was false or made it with reckless disregard of the facts. And if the plaintiff proves those three things, then the jury can presume that the defendant has sustained damages. Yes. I hope I have answered the question. Okay. Thank you so much. Thank you for your consideration. This is what we're going to do for you.